UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
JACK FISCHER,

                      Plaintiff,                    **ORDER**

    - v -

                                                CV-06-3964 (RJD)(VVP)

NEW YORK CITY DEPARTMENT OF
EDUCATION, et al.,

                      Defendants.
------------------------------------------------------------------x

       Before the court are cross-motions addressed to the same issue, *viz.*, whether the plaintiff's wife may attend his deposition. Relying on Local Civil Rule 30.4, which permits witnesses to attend the depositions of other witnesses in a matter, the plaintiff contends that because the plaintiff's wife is a potential witness in the action, she should receive the benefit of that rule. The defendant argues that the plaintiff's wife was never listed as a witness until the issue of her attendance at the deposition arose, and that the plaintiff's attempt to characterize her as such now is an inappropriate attempt to take advantage of the rule. Both parties agree that the primary purpose of the plaintiff's desire to have his wife attend is to afford him moral support, given his medical condition – he suffers from multiple sclerosis.

       Local Civil Rule 30.4 announces a general policy in this district favoring the attendance by "a witness or potential witness" at other depositions in an action, absent a court order based on other considerations. The plaintiff's wife falls into that category, as she has information relating to the claims in the action even if the plaintiff never intended to call her to testify. More importantly, perhaps, the rule is silent on the question whether persons who are *not* witnesses, but who may have an interest in a case, may attend. In other words, the fact that it expresses a policy in favor of permitting attendance by one category of persons does not lead the court to conclude that it expresses a policy *against* attendance by other persons; rather, it is simply neutral on the subject. The plaintiff here offers an entirely acceptable reason for his wife's attendance, moral support. The defendant suggests no nefarious motive for her attendance. Indeed, it is conceivable that her attendance may have a beneficent effect in assisting in a more speedy and coherent deposition which would serve the interests of all parties. In the circumstances, the court is hard-pressed to find a reason to exclude her.

       The permission to attend, however, is not a license to participate in any way in the

deposition. The plaintiff's wife is not permitted to coach the plaintiff in any fashion at any time during the entire course of the deposition, including breaks. In other words, the plaintiff's wife is not to have any substantive discussion with him concerning his testimony until after the deposition has concluded; the plaintiff's testimony must be his own, unaided by any amplification by his wife.

        **SO ORDERED:**

        *Viktor V. Pohorelsky*
        VIKTOR V. POHORELSKY
        United States Magistrate Judge

Dated: Brooklyn, New York
       June 15, 2007